UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACOB MOREE ,Individually
and on behalf of others similarly situated,

    Plaintiff,

v.

AMERICAN BOTANICAL LLC, and
AVRAHAM KALATSKY, Individually

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACOB MOREE, individually and on behalf of others similarly situated, (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues the Defendants, AMERICAN BOTANICAL LLC and AVRAHAM KALATSKY, Individually (hereinafter known as "DEFENDANTS") and alleges as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

1

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff was and is a resident of Hillsborough County, Florida.

4. Defendant, AMERICAN BOTANICAL LLC, is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County. At all times material Defendant was an employer as defined by the FLSA.

5. Defendant, AVRAHAM KALATSKY, was an officer, director, manager, owner, and/or operator of Defendant, AMERICAN BOTANICAL LLC, and was directly involved in the day-to-day operations of AMERICAN BOTANICAL LLC, had direct responsibility for the supervision of Plaintiff, as well as control over the compensation paid to Plaintiff, and individually took the adverse employment action against Plaintiff's complaint of herein, and therefore, is individually liable for the violations of law complained of herein pursuant to the FLSA.

6. At all times material herein, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

7. Defendants are employers within the meaning of 29 U.S.C. § 203(d), and subject to the Fair Labor Standards Act.

## GENERAL ALLEGATIONS

8. At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

9. Defendant is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

10. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of his job with Defendant, 29 U.S.C. §207(a)(1).

11. Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

12. Plaintiff was employed with Defendant as a full-time hourly employee from September 2019 to April 2022. At all times material to this case, Plaintiff worked for Defendants as a full time Foreman on an hourly rate basis.

13. During the course of Plaintiff's employment, Plaintiff would work over 40 hours a week.

12. However, Defendant, AVRAHAM KALATSKY, was changing Plaintiff's timesheets to reflect less hours than he worked.

13. On or around April 28, 2022, Plaintiff texted Defendant, AVRAHAM KALATSKY, regarding the improper deductions on his timesheet.

14. On the same day, April 28, 2022, Plaintiff was terminated via text message by Defendant, AVRAHAM KALATSKY.

15. Plaintiff was not compensated at the rate of at least one and a half times his regular hourly rate of pay pursuant to the Fair Labor Standards Act (FLSA) for all hours worked over forty (40) in the work week.

16. Plaintiff was not exempt from the overtime provisions of the FLSA. In fact, Plaintiff is entitled to overtime compensation for all overtime hours worked under the FLSA.

17. Plaintiff has retained the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## COUNT I

## **FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)**

18. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

19. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

20. Throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

21. Plaintiff estimates that he worked an average of forty-five to fifty hours per week. Defendant failed to comply with their statutory obligation to keep accurate time records.

22. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

23. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

24. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 and ½ times the regular rate of pay for work performed in excess of forty (40) hours

in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

25. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

26. Defendant's violations of the FLSA was intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

27. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

28. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

29. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant including, but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the

overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME
## (COLLECTIVE ACTION)

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

31. At all times material, Defendant employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

32. Throughout their employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

33. At all times material, Defendant failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by

Defendant to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

34. Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

35. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

## COUNT III
### FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

37. Plaintiff earned wages over the course of his employment which are owed and payable by the Defendant pursuant to Florida Statute Chapter 448.08.

38. Plaintiff's claim is for all uncompensated hours worked by Plaintiff that were not overtime hours.

39. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

41. Plaintiff was terminated from his employment with Defendant as a direct result of, and in retaliation for, his reporting and opposing the above described unlawful conduct.

42. The above described actions of Defendant constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

43. As a result of the retaliatory actions of Defendant, Plaintiff has suffered damages including lost wages, benefits, and other remuneration, emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

44. As a result of Defendant's unlawful acts against Plaintiff, he has and will continue to incur damages as well as attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 12th day of August 2022.

>FLORIN GRAY BOUZAS OWENS, LLC
>
> /s/Wolfgang M. Florin
> Wolfgang M. Florin
> Florida Bar No.: 907804
> wflorin@fgbolaw.com
> Christopher D. Gray
> Florida Bar No.: 902004
> cgray@fgbolaw.com
> 16524 Pointe Village Drive, Suite 100
> Lutz, FL 33558
> Telephone (727) 220-4000
> Facsimile (727) 483-7942
> Attorneys for Plaintiff